AYRES, Judge.
This is an action for damages for the alleged tortious removal of a five-foot cyclone chain link fence from plaintiffs’ property. Admitting the removal of the fence, defendant, in justification, relies upon an alleged permission from plaintiffs’ vendor, to whom defendant had sold and installed the fence. In the alternative, it is contended by defendant, if he is condemned in damages, that the award should be limited to the replacement cost of the fence. From a judgment awarding plaintiff $150 as the salvage value of the fence, after its removal, plaintiffs appealed.
The pertinent facts giving rise to this action may be briefly stated. Beatrice. Williams on November 12, 1952, as the owner of Lots 112, 113 and 114 of the Valencia Subdivision of the City of Shreveport, purchased from defendant, and there was erected by him upon said property, the aforesaid fence for a price of $1,024. For the payment of this price, an F.H.A. loan was obtained by Beatrice Williams from the Republic Mortgage Company, Inc., Shreveport; Louisiana, with defendant as endorser of the note evidencing said loan.
Plaintiff, Hermye Bell Reily, acquired the aforesaid property, together with the improvements thereon, from Beatrice Williams by deed filed and recorded in the Conveyance Records under date of June 16, 1954. Beatrice Williams default *543 ed in her payments on the F.H.A. loan and defendant, as endorser, paid the balance due thereon of $891.70 September 24, 1954. At that time, Beatrice Williams, evidently unable to repay defendant, suggested that he remove the fence which he had theretofore erected upon her property. There is no evidence she informed defendant she had sold the property, nor is it shown he had notice thereof until after he caused the fence to be removed by his employees in April, 1955. It could only be concluded that the former owner was without right, power or authority to grant permission to the defendant to remove improvements from property which had been acquired by plaintiff. Defendant, therefore, was without right or authority to dismantle and remove the fence. No serious question or contention is made to the contrary.
The principal issue, however, is one of quantum of damages. The record discloses that defendant sold and erected 408 lineal feet of the aforesaid fence and 26 lineal feet of gates upon the aforesaid property for a price of $1,024. 100 lineal feet of the fence was destroyed by fire previous to defendant’s entry upon the property and removal of the fence. The only witness in the case was defendant, who testified that the fence could be replaced for a price of $1.15 per lineal foot and the gates for a price of $5 per lineal foot. Therefore, the cost of replacing the 308 lineal feet of the fence remaining after the fire would be $354.20, which, plus $130 for the gates, aggregates a total of $484.-20.
In the construction of this fence, six corner and gate posts were required, the replacement cost of which was testified to as $6.50 each. However, no allowance can be made for them as the record fails to disclose the number which may have been destroyed by fire, nor does the evidence make it clear that the aforesaid replacement cost of the fence did not include the cost of the posts.
The replacement cost of the fence at the time it was removed is the extent of damage sustained by plaintiff. An allowance of only the salvage value of the materials, after the fence had been dismantled, is insufficient to restore the fence, or place plaintiff in a status quo, or to reimburse her the damage done.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed be amended by increasing the award to $484.20 and, as so amended, affirmed at defendant-appellee’s cost.
Amended and affirmed.